UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Allan D. Samia, | Case No. 2:23-cv-01384-RFB-DJA |
|---|---|
| Plaintiff, | |
| v. | Order |
| Brandon Levell, Hudson News, Richard Marquez, and Stephen Kim, | |
| Defendants. | |

Before the Court is *pro se* Plaintiff's first amended complaint. (ECF No. 10). Plaintiff's first amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses Plaintiff's first amended complaint with leave to amend.

**I.     Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II. Discussion.

Plaintiff sues Hudson News; Brandon Levell, the General Manager of Hudson News;[1] Richard Marquez, the assistant General Manager of Hudson News; and Stephen Kim, the regional vice president of Hudson News. (ECF No. 10 at 2). Plaintiff alleges that each of these individuals is a resident of Nevada. (*Id.*). He does not specify where Hudson News is a resident. (*Id.*) Plaintiff alleges that jurisdiction arises in this Court under federal question jurisdiction. (*Id.* at 3).

However, Plaintiff does not allege the violation of any federal statute or Constitutional provision. Plaintiff's allegations also lack sufficient facts to constitute claims upon which relief can be granted and his timeline of events does not make sense. He alleges that Levell and Kim began harassing him in August 12, 2022 by forcing him to resign. (*Id.* at 4). Levell then embarrassed Plaintiff, discriminated against him, and forced him to resign on August 22, 2022. (*Id.*). Then, on December 23, 2022, "he took my check by [Levell]," (it is unclear who "he" is), and Levell and Marquez forced Plaintiff to clean a roof without safety tools. (*Id.*). Plaintiff passed out and was hospitalized on September 23, 2023. (*Id.*). On October 23, 2023, Marquez threatened Plaintiff. (*Id.*). On March 6, 2024, Levell, Marquez, and Kim terminated Plaintiff's employment. (*Id.*).

Plaintiff does not include sufficient facts or any legal basis on which the Court can grant relief. The Court thus dismisses his second amended complaint without prejudice. Because it appears that Plaintiff may be attempting to allege claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Court will include the legal standards for those claims below. If Plaintiff chooses to amend his complaint to include these claims, he must include allegations regarding each of the elements outlined below.

---

[1] Plaintiff does not specify if the individual defendants are officers/employees of Hudson News, but the Court construes Plaintiff's complaint to allege that they are.

### A. Discrimination.

Title VII makes it "unlawful ... for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To state a claim for discrimination, a plaintiff must allege he (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or that a discriminatory reason motivated the employer. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If the plaintiff establishes these elements, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 691. If the defendant does so, then the plaintiff must show that the employer's proffered reasons were "a mere pretext for unlawful discrimination." *Id.*

### B. Retaliation.

To state a claim of retaliation, a plaintiff must show that he (1) "undertook a protected activity under Title VII," (2) his employer subjected him to an adverse employment action, and (3) "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer. *See Williams v. Desert Palace LLC*, No. No. 2:20-cv-02021-GMN-BNW, 2022 WL 3579408, at *2 (D. Nev. Aug. 19, 2022); *see also* 42 U.S.C. 2000e–3(a). They also include making informal complaints to one's supervisor. *See Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

**IT IS THEREFORE ORDERED** that the first amended complaint (ECF No. 10) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 29, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original

complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: April 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE