UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allan D. Samia,<br><br>    Plaintiff,<br><br>v.<br><br>Brandon Levell, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01384-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. Plaintiff has submitted an amended complaint, which the Court screens. (ECF No. 12). Because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses his complaint with leave to amend.

**I. II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

      Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening the complaint.**

Plaintiff sues Hudson News, its regional vice president Stephen Kim, its general manager Brandon Levell, its assistant general manager Richard Marques, and its "HR business partner director" Chuck Janssen.  (ECF No. 12 at 2).  He states that the basis for this Court's jurisdiction is federal question jurisdiction.  (*Id.* at 3).  However, the remainder of his allegations are conclusory and do not identify specific facts.

Plaintiff alleges that someone "violated [his] rights to get 90 days vacation leave for [his] FMLA application," that he was terminated "without company rules orientation" before he was hired, and that someone falsified a statement so that his Equal Employment Opportunity Commission complaint was dismissed.  (*Id.* at 4).  He claims in conclusory fashion that he is disabled, that he was discriminated against, that someone violated Nevada laws, and that Defendants "treated" him by text message.  (*Id.*).  Otherwise, Plaintiff does not provide facts about what happened, who did what, or when the events occurred.

As a result, Plaintiff's complaint does not provide enough factual detail to constitute a claim on which relief can be granted.  In any amendment, Plaintiff must do his best to describe the facts underlying his claims in detail.  He should provide facts describing the who, what, where, when, and how of his claims.  The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that the complaint (ECF No. 12) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **September 25, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: August 26, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE