**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Allan D. Samia, | Case No. 2:23-cv-01384-RFB-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Brandon Levell, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis.*  Plaintiff has submitted an amended complaint, which the Court screens.  (ECF No. 17). Because the Court finds that Plaintiff's amended complaint does not properly assert sufficient facts, and because this is Plaintiff's fourth attempt at amending his complaint, the Court recommends dismissing Plaintiff's complaint without prejudice and without leave to amend.

**I.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

1

**II.    Screening the complaint.**

Plaintiff sues Hudson News by Avolta,[1] its regional vice president Stephen Kim, its general manager Brandon Levell, its assistant general manager Richard Marques, and its "HR business partner director" Chuck Janssen. (ECF No. 17 at 1, 2). He states that the basis for this Court's jurisdiction is federal question jurisdiction. (*Id.* at 3). However, Plaintiff does not identify any legal basis for his claims.

Plaintiff alleges that he filed a complaint for discrimination, apparently on February 29, 2024, however he does not explain whether he is referring to a complaint in this action or a separate complaint. (*Id.* at 4). Plaintiff asserts that his employer—presumably Hudson News—placed him on administrative leave without pay on either February 29, 2024 or March 1, 2024. (*Id.* at 4). Then Plaintiff's employer terminated him on March 6, 2024. (*Id.*).

Plaintiff alleges that he applied for unemployment and was approved from March until August. (*Id.*). However, two weeks later, Plaintiff received a letter from Nevada's Department of Employment, Training, and Rehabilitation ("DETR") stating that his unemployment claim was denied because Plaintiff's employer stated that it had terminated Plaintiff for misconduct. (*Id.*). Plaintiff alleges that his former employer also sent a letter to Clark County stating that it terminated Plaintiff for misconduct. (*Id.*). Plaintiff asserts that this letter has impacted Plaintiff's application for employment with the airport, although it is not clear how. (*Id.*). Plaintiff asserts that he has filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation, but he does not state when, does not explain whether the EEOC issued a right to sue letter, and does not attach a right to sue letter. (*Id.*).

The Court recommends dismissing Plaintiff's complaint without leave to amend and without prejudice. The Court has provided Plaintiff with four opportunities to file a complaint with sufficient facts. However, Plaintiff has still not provided sufficient facts for the Court to determine whether he has stated a claim upon which relief can be granted.

---

[1] Plaintiff only includes this Defendant in the caption but does not otherwise list it as a Defendant.

1    Under Federal Rule of Civil Procedure 15(a), courts should freely give parties leave to

2    amend when justice so requires.  However, in deciding whether to grant leave to amend, courts

3    consider factors such as undue delay, bad faith or dilatory motive on the part of the movant,

4    repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

5    opposing party by virtue of allowance of the amendment, and futility of the amendment.  *Foman*

6    *v. Davis*, 371 U.S. 178, 182 (1962).  Prejudice is the touchstone of the inquiry.  *Eminence*

7    *Capital, LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

8    Here, the Court finds that dismissal without leave to amend is appropriate because

9    Plaintiff has repeatedly failed to cure deficiencies in his prior amended complaints.  The Court

10    does not find that Plaintiff has unduly delayed or acted in bad faith.  And the opposing parties will

11    not be prejudiced by an amendment because Plaintiff has not yet served them.  But Plaintiff's

12    repeated failures to cure the deficiencies in his complaints indicate to the Court that amendment

13    may be futile.  The Court thus recommends dismissing Plaintiff's complaint without prejudice[2]

14    and without leave to amend.

15

16    Accordingly, the undersigned **RECOMMENDS** that Plaintiff's amended complaint (ECF

17    No. 17) be **DISMISSED without prejudice and without leave to amend**.  The Clerk of Court is

18    kindly directed to send this recommendation to Plaintiff.

19

20    **NOTICE**

21    Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

22    in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The

23    Supreme Court has held that the courts of appeal may determine that an appeal has been waived

24    due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

25    (1985), *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to

26

27
28    [2] A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: November 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE