1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALLAN D. SAMIA, | Case No. 2:23-cv-01384-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| BRANDON LEVELL, *et al.*, | |
| Defendants. | |

Before the Court for consideration is the Report and Recommendation ("R&R") of the Honorable Daniel J. Albregts, United States Magistrate Judge, dated November 14, 2024 (ECF No. 18). Plaintiff Allan D. Samia[1] filed an Objection (ECF No. 19) on November 27, 2024. For the reasons explained below, the Court adopts the R&R subject to the below modifications.

## I.    FACTUAL AND PROCEEDURAL BACKGROUND

In the fourth Amended Complaint, Mr. Samia alleges the following. On March 6, 2024, he was fired by his employer. ECF No. 17. He applied for unemployment benefits and was initially approved to receive them. Id. Two weeks later, Mr. Samia received a letter from the Nevada Department of Employment, Training, and Rehabilitation ("DETR") explaining his unemployment claim was denied as he had been fired for misconduct. Id. His employer had sent a letter to DETR indicating he had been fired for misconduct. Id. Since then, Mr. Samia has been unable to secure employment, including a position he applied to at the airport. Id. Mr. Samia believes this is related to the letter alleging his misconduct. Id. He seeks $10 million in damages for claims of "slave from work, harassment, head injury from work, emotional distress, false statement[s]" preventing him from securing unemployment benefits or alternative work,

---

[1] In some filings, Plaintiff also goes by the name Major Benjamin D. Samia.

"wrongful[] termination, retaliation, and discrimination." Id. In prior complaints, Mr. Samia included the following additional information. His employer was Hudson News. Hudson News and its employees harassed him into resigning, placed him in dangerous positions resulting in his hospitalization, and worked to deny him benefits. ECF Nos. 9, 10, 12, 15.

On September 6, 2023, Mr. Samia filed a request to proceed *in forma pauperis* ("IFP") and proposed complaint. ECF No. 1. On September 14, Judge Albregts ordered Mr. Samia to provide additional information on his IFP application. ECF No. 4. On October 16, Mr. Samia filed an update. ECF No. 5. On December 8, Judge Albregts ordered Mr. Samia provide his update using the appropriate form. ECF No. 6. On January 8, 2024, Mr. Samia again updated his IFP application. ECF No. 7. On February 27, Judge Albregts granted Mr. Samia IFP status and, upon screening the proposed complaint, dismissed it without prejudice for failure to state a claim. ECF No. 8. Judge Albregts explained Mr. Samia needed to provide additional details beyond simply attaching his right to sue letters from the Equal Employment Opportunity Commission ("EEOC"). Id.

On March 8, Mr. Samia filed a first Amended Complaint providing a paragraph of alleged facts. ECF No. 10. On April 29, Judge Albregts screened this complaint. ECF No. 11. He dismissed the complaint without prejudice. Id. Judge Albregts provided the relevant legal standards and again indicated Mr. Samia needed to provide additional facts. Id. On May 29, Mr. Samia filed a second Amended Complaint. ECF No. 12. On August 26, Judge Albregts again screened and dismissed the second Amended Complaint for providing insufficient details. ECF No. 14. On September 3, Mr. Samia filed a third Amended Complaint. ECF No. 15. On September 30, 2024, Judge Albregts again screened and dismissed the third Amended Complaint for providing insufficient details. ECF No. 16. On October 4, Mr. Samia filed the fourth Amended Complaint. ECF No. 17. On November 14, 2024, Judge Albregts issued this R&R. ECF No. 18. He again found that complaint provided insufficient facts. Id. First, there is no explanation how the letter sent to DETR impacted his subsequent job applications. Id. Second, in this complaint, he has failed to attach the EEOC right to sue letter. Id. Third, he does not detail the alleged discrimination and retaliation. Id. Because Mr. Samia repeatedly failed to cure these defects, Judge Albregts recommended that the complaint be dismissed without leave to amend. Id. Mr. Samia timely objected. ECF No. 19.

1    **II.     LEGAL STANDARD**

2         A district court "may accept, reject, or modify, in whole or in part, the findings or

3    recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific

4    written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. §

5    636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

6    required to "make a de novo determination of those portions of the report or specified proposed

7    findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local

8    Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct

9    "any review," *de novo*[2] or otherwise, of the report and recommendations of a magistrate judge.

10   Thomas v. Arn, 474 U.S. 140, 149 (1985).

11

12   **III.     DISCUSSION**

13        The Court now evaluates the R&R, in which Judge Albregts screened the fourth Amended

14   Complaint and recommended dismissal without leave to amend. Mr. Samia timely objected to the

15   R&R. ECF No. 19. In full, Mr. Samia's objection reads:

16        Objections to my complaint, the said defendant is not only Mr. Levell, I filed my
17        complaint last 6 of Sept. 2023 and until now, no court hearing or me[e]tings, my
          case always dismissed by Judge Daniel J. Albregts. My case is not [H]earsay, I
18        want justice, I been slave, harass, discriminate from the said company, I been
          dismissed without due process (constructive dismissal) I hope & always pray, that
19        I will given now a date for court hearing for this complaint, I been waiting more
20        than 14 months already.

21   (emphasis original). For the following reasons, the Court will adopt the R&R.

22        First, the Court finds the Judge Albregts applied the correct standard. Upon granting an

23   IFP application, federal courts additionally screen the complaint under 28 U.S.C. § 1915. Among

24   other things, courts dismiss complaints that fail to state a claim upon which relief may be granted.

25   § 1915(e)(2). An initial pleading must contain "a short and plain statement of the claim showing

26   that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for

27

28        [2] *De novo* review simply means a review by one court using the lower court's record but
     reviewing the evidence and the law without deference to the lower court's findings and rulings.
     See Appeal, Black's Law Dictionary (11th ed. 2019).

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT Sec. Services, Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). A claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

Second, upon *de novo* review, the Court finds Judge Albregts correctly found a failure to state a claim. In full, Mr. Samia provides the following statement of his claim:

> It's more than a year, when I file complaint for discrimination. Feb. 29, 2024, I got administrative leave without payment. March 01, 2024, March 06, 2024, I got terminated from my employer. I apply unemployment and got approved claim # 6027388 from March to Aug. amount 15,210.00. After 2 weeks, I received letter from DETR said my claim was denied because I been terminated for misconduct as per my employer said. I apply work in the airport DOA until told I'm not hire even I qualified for 7 title's position because my employer before issued letter to Clark County that I'm terminated for misconduct. I file a complaint to EEOC # 487-2024-02712 for discrimination / retaliation.

(cleaned up). First, the Court agrees with Judge Albregts that there is no explanation how the letter sent from his employer to DETR impacted his subsequent job applications. Further, there are no allegations that Mr. Samia was not actually terminated for misconduct. Second, the Court agrees with Judge Albregts that no EEOC right to sue letter was attached. Third, the Court agrees with Judge Albregts that Mr. Samia does not provide any support for alleged discrimination or retaliatory actions. Further, the Court finds that there is no allegation that Mr. Samia was wrongly denied unemployment benefits nor any support or explanation of his claims for harassment, enslavement, head injury, or emotional distress. Finally, the fifth Amended Complaint does not even identify several relevant parties (e.g., the identity of his employer) nor several relevant dates (e.g., of some alleged discrimination). In short, the Court finds there is no factual matter, which

accepted as true, states any plausible claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.

Third, however, the Court finds that dismissal without leave to amend is appropriate. Dismissal without leave to amend is appropriate given the number opportunites that Mr. Samia has been given to amend his complaint.

## IV.    CONCLUSION

Therefore, for the foregoing reasons, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 18) is **ADOPTED** in part and **MODIFIED** as follows: the fifth Amended Complaint (ECF No. 17) is **DISMISSED without prejudice and without leave to amend**. The Clerk of Court will close the case.

**DATED:** December 12, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**